UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| JEROME ADRIAN and SONJA ADRIAN, | ) ) ) | Civ. 12-4055-KES |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | ORDER GRANTING MOTION FOR SUMMARY REMAND AND FOR PAYMENT OF COSTS |
| MANNA MINISTRY CENTER (Fraudulent); HOPE COMMUNITY CHURCH; NEW HAVEN; ALL OCCUPANTS; CADWELL, SANFORD DEIBERT & GARRY LLP; 50 JOHN & JANE DOES; LINCOLN COUNTY (SHERIFF, REGISTER OF DEEDS, CLERK OF COURT; KEVIN MYERS; and ESTHER MYERS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs, Jerome Adrian and Sonja Adrian (the Adrians), filed a pro se notice of removal of a state court action to federal court on March 30, 2012. Defendants Manna Ministry Center and New Haven (Manna Ministry) move to remand this case to state court. Defendants Hope Community Church and Cadwell, Sanford, Deibert, & Garry LLP join in this motion. The Adrians oppose Manna Ministry's motion for remand.

**FACTUAL BACKGROUND**

The present case is a continuation of a property dispute between the Adrians and Manna Ministry. The Adrians previously sought to remove a forcible entry and detainer suit brought pursuant to South Dakota law that arose in the wake of a dispute over a parcel of property in Lincoln County, South Dakota. After the circuit court granted judgment in favor of Manna Ministry, the Adrians filed a notice of removal. This court granted Manna Ministry's motion for summary remand in that case on January 23, 2011. *See* Civ. 11-4145-KES, Docket 14.

On March 15, 2012, the Adrians filed a "complaint to quit trespass and to support of crime and to pay damages" in state court. Docket 1-1. The complaint asserted that Jerome and Sonja Adrian were lawful owners of the property in Lincoln County, South Dakota, and alleged that defendants "unlawfully dispossessed" them from their property based on a fraudulent writ. Docket 1-1 at ¶ 1. On March 30, 2012, the Adrians filed a notice of removal to this court.

**DISCUSSION**

I.  **Defendants' Motion to Remand**

Analysis of the propriety of removal requires interpretation of the removal statutes, 28 U.S.C. § 1441 *et seq.,* in order to determine whether the case could have originally been filed in federal court. *See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997). The right to remove a case from a state court to a federal court is purely statutory. *See* 14B Charles Alan Wright et al., *Federal*

*Practice and Procedure* § 3721 (4th ed. 1998). Many federal courts strictly construe a motion to remove and resolve all doubts in favor of remand. *See, e.g., Cotton v. South Dakota by and through the S.D. Dep't of Social Servs.*, 843 F. Supp. 564, 568 (D.S.D. 1994) ("If the propriety of removal is doubtful, the case is to be remanded.").

  A. **A Plaintiff May Not Remove a Case to Federal Court.**

Under 28 U.S.C. §§ 1441 and 1446, a state court action may be removed to federal court only by a defendant. Section 1441 provides that ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or defendants . . .* [.]" (emphasis added). Section 1446(a) provides that "*[a] defendant or defendants* desiring to remove any civil action from a state court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal[.]" (emphasis added). Thus, the plain language of the statute demonstrates that a plaintiff may not remove his own commenced state court action to federal court. Thus, Manna Ministry is entitled to a summary remand.

  B. **This Court Lacks Subject Matter Jurisdiction.**

Manna Ministry argues that removal to federal court was improper because the stated basis for removal does not "arise under" federal law. "A defendant generally is required to cite the proper statutory basis for removal and to allege facts from which a district court may determine whether removal

3

jurisdiction exists." *Pet Quarters, Inc. v. Depository Trust & Clearing Co.*, 559 F.3d 772, 778 (8th Cir. 2009). The subject matter jurisdiction of this court may derive from the citizenship of the parties, *see* 28 U.S.C. § 1332, a federal question posed by the underlying lawsuit, *see* 28 U.S.C. § 1331, or special circumstances covered by federal statute. Because the parties are citizens of South Dakota and none of the statutory grounds for removal apply, this action is removable only upon a showing that "federal question" jurisdiction exists as set forth in § 1441(b).

"Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Pet Quarters*, 559 F.3d at 779. The complaint here raises no issues of federal law. Nor does adjudication of the only state-law claim "turn on a federal constitutional or other important federal question." *Id.* (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808-09 (1986)). Thus, subject matter jurisdiction is not predicated on 28 U.S.C. § 1441(b), the language of which tracks the "arising under" statute, 28 U.S.C. § 1331.

The Adrians' basis for removal is a federal land patent. But courts have universally held that a federal land patent is an insufficient basis for federal jurisdiction. *See, e.g.*, *Oneida Indian Nation of N.Y. v. Oneida County, N.Y.*, 414 U.S. 661, 676-77 (1974) ("Once patent issues, the incidents of ownership are, for the most part, matters of local property law to be vindicated in local courts, and in such situations it is normally insufficient for 'arising under' jurisdiction merely

4

to allege that ownership or possession is claimed under a United States patent."); *Corrigan v. Leclair*, 206 Fed. App'x 771, 773 (10th Cir. 2006) ("Because [plaintiff's] complaint asserts no basis for federal jurisdiction other than the fact his land was obtained via a federal land patent, the district court clearly lacked subject matter jurisdiction over his claims[.]"); *Virgin v. Cnty. of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000) ("Federal land patents and acts of Congress do not provide bases for federal question jurisdiction."). Thus, the Adrians have not shown that federal question jurisdiction exists and defendants' motion to remand is granted pursuant to 28 U.S.C. § 1447(c).

## II.     Defendants' Motion for Attorney's Fees and Expenses Pursuant to 28 U.S.C. § 1447(c)

Manna Ministry also moves for attorney's fees and expenses it incurred as a result of the Adrians' attempted removal pursuant to 28 U.S.C. § 1447(c). Manna Ministry notes that the court refused to award costs and attorney's fees in the prior case because of the Adrians' pro se status. Manna Ministry argues that the Adrians "should not get two free passes, particularly given the volume of filings by them that have no legitimate source in applicable law." Docket 21 at ¶ 4.

Section 1447(c) provides that, upon a finding that removal was improper, the court may order the payment of just costs, including attorney's fees. The Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an

5

objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The objective of this provision is to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party," not to discourage defendants from seeking removal in all but the most obvious cases. *Id.* at 140. As previously discussed, the plain language of the statute states that a plaintiff cannot remove to federal court a case he or she filed in state court. Moreover, the Adrians were on notice from the prior case that they would have to demonstrate a basis for federal question jurisdiction if they removed a case to federal court. The text of the Adrians' notice of removal demonstrates that they, as plaintiffs, "lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. Thus, defendants are entitled to just costs, including attorney's fees under 28 U.S.C. § 1447.

Manna Ministry indicated it was uncertain what procedure the court preferred in determining the fee amount. District of South Dakota Civil Local Rule 54.1(c) requires a party moving for attorney's fees to provide "an affidavit setting out the time reasonably spent in the litigation and any factual matters pertinent to the motion for attorney's fees." With respect to costs, D.S.D. Civ. LR 54.1(a) requires a party to "file a verified bill of costs within 28 calendar days after entry of judgment or an order of dismissal, together with proof of service on the party liable for costs." Thus, defendants are ordered to comply with D.S.D. Civ. LR 54.1 within the time specified therein.

### III. The Adrians' Motion For Summary Judgment or In the Alternative, Judgment on the Pleadings

The Adrians move for summary judgment, or in the alternative, for judgment on the pleadings. Because Manna Ministry's motion to remand is granted, the Adrians' motion is denied as moot. Therefore, it is

ORDERED that Manna Ministry's amended motion to remand (Docket 20) is granted.

IT IS FURTHER ORDERED that defendants will file an affidavit regarding attorney's fees and a verified bill of costs in compliance with D.S.D. LR 54.1.

IT IS FURTHER ORDERED that Hope Community Church's motion for joinder (Docket 22) in Manna Ministry's amended motion to remand is granted.

IT IS FURTHER ORDERED that the Adrians' motion for summary judgment (Docket 17) is denied as moot.

Dated July 31, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE